**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

DOROTHY HOULE-CALL,

                Plaintiff,                1:12-cv-1685
                                                             (GLS)

            v.

**COMMISSIONER OF SOCIAL SECURITY**,

                Defendant.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Office of Peter M. Margolius<br>7 Howard Street<br>Catskill, NY 12414 | PETER M. MARGOLIUS, ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261 | TOMASINA DIGRIGOLI<br>Special Assistant U.S. Attorney |
| Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

Plaintiff Dorothy Houle-Call challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking judicial review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Houle-Call's arguments, the court affirms the Commissioner's decision and dismisses the complaint.

**II. Background**

On September 10, 2009 and February 16, 2010, respectively, Houle-Call filed applications for DIB and SSI under the Social Security Act ("the Act"), alleging disability since May 8, 2009. (Tr.[1] at 51-52, 98-105.) After her applications were denied, (*id.* at 60-65), Houle-Call requested a hearing before an Administrative Law Judge (ALJ), (*id.* at 66), which was held on April 14, 2011, (*id.* at 34-50). On May 6, 2011, the ALJ issued an unfavorable decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 9.)

Appeals Council's denial of review. (*Id.* at 1-3, 18-30.)

Houle-Call commenced the present action by filing her complaint on November 15, 2012, wherein she sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 7, 9.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 11, 12.)

### III. **Contentions**

Houle-Call contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (Dkt. No. 11 at 3-5.) Specifically, Houle-Call claims that: (1) the residual functional capacity (RFC) is not supported by substantial evidence because the ALJ failed to consider Houle-Call's asthma and its effect on her ability to work; and (2) the ALJ's determination that Houle-Call can return to past relevant work is not supported by substantial evidence.[2] (*Id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (Dkt. No. 12 at 2-9.)

---

[2] Notably, Houle-Call represents to the court that the only "issue" before the court pertains to the ALJ's RFC determination. (Dkt. No. 11 at 1.) Houle-Call's brief, however, includes several additional arguments, (*id.* at 3-5), which, despite being largely undeveloped, are all addressed below.

3

## IV. Facts

The court adopts the parties' undisputed factual recitations. (Dkt. No. 11 at 1-3; Dkt. No. 12 at 2.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[3] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. RFC Determination

First, Houle-Call argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to consider the effect that her asthma had on her ability to work. (Dkt. No. 11 at 3-5.) The Commissioner counters, and the court agrees, that the ALJ properly

---

[3] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims. As review under both sections is identical, parallel citations to the regulations governing SSI are omitted.

considered Houle-Call's asthma. (Dkt. No. 12 at 5-8.)

A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence." *Id.* § 404.1545(a)(3), (4). An ALJ's RFC determination must be supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

Here, the ALJ determined that Houle-Call has the RFC to perform a full range of work at all exertional levels, with only nonexertional limitations. (Tr. at 26.) Prior to making this determination, the ALJ expressly noted that consultative physician Dr. Kishori Shah indicated that Houle-Call "has asthma by history" and that "[p]ulmonary function tests revealed moderately severe obstruction," but that "this was a limited study due to variability." (Tr. at 25, 308, 311, 313.) In his RFC analysis, the ALJ noted that "Dr. Shah stated no physical limitations," but did state that Houle-Call "should avoid smoke, dust, and known respiratory irritants because of

asthma." (*Id.* at 28, 312.)[4] Aside from Dr. Shah's opinion, which the ALJ considered, the only record evidence of Houle-Call's asthma are treatment notes from Houle-Call's treating physician, Dr. Daniel Patel, which indicate that Houle-Call was diagnosed with, and treated for, asthma, but never assess any symptoms or limitations attributable to asthma. (*Id.* at 261, 263, 265, 267, 269, 271, 272, 274, 276, 277, 356, 358, 360, 362, 365, 367.)

---

[4] Houle-Call also claims that the ALJ erred by failing to state what weight, if any, he gave to the opinion of Dr. Shah. (Dkt. No.11 at 3-4.) Even if it was error for the ALJ not to specifically state the amount of weight he attributed to Dr. Shah's opinion, the ALJ considered the opinion nevertheless. (Tr. at 28.) The regulations require that the ALJ "consider the medical opinions in [the] case record together with the rest of the relevant evidence," and further provide that "[g]enerally, we give more weight to opinions from . . . treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s)." 20 C.F.R. § 404.1527(b), (c)(2). Additionally, "[w]here the evidence of record includes medical source opinions that are inconsistent with other evidence or are internally inconsistent, the ALJ must weigh all of the evidence and make a disability determination based on the totality of that evidence." *Barringer v. Comm'r of Soc. Sec.*, 358 F. Supp. 2d 67, 80 (N.D.N.Y. 2005). Here, although consultative physician, Dr. Shah, stated that Houle-Call should avoid exposure to smoke, dust, and other similar irritants, (Tr. at 312), Houle-Call's treating physician, Dr. Patel, found no environmental limitations, (*id.* at 353). The court further notes that Dr. Shah's opinion also states that Houle-Call's asthma medication "relieves the symptoms" and that she has never been hospitalized or gone to the emergency room for asthma. (*Id.* at 308.) Accordingly, "[w]here 'the evidence of record permits [the court] to glean the rationale of an ALJ's decision, [the ALJ is not required to explain] why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.'" *Barringer*, 358 F. Supp. 2d at 79 (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)). The ALJ's decision in this case contains ample reference to the medical sources and his conclusions are supported by substantial evidence. Further, although not explicit, it is evident that the ALJ, who considered Dr. Patel's medical source statements, resolved the environmental limitations in favor of Dr. Patel. (Tr. at 27-28.) The ALJ discussed Dr. Patel's medical source statements at length in the RFC determination and seemingly gave great or substantial weight to Dr. Patel's medical source statement regarding Houle-Call's physical limitations to work. (*Id.*) Thus, the ALJ's failure to state exactly how much weight he afforded to Dr. Shah's opinion is, at worst, harmless error.

This evidence supports the ALJ's conclusions. Courts in this district have consistently recognized that "evidence of the presence of an impairment, and even evidence of treatment for such an impairment, is not in itself sufficient to show that the impairment limited a claimant's ability to perform work activities." *Ewing v. Astrue*, No. 5:11-cv-01418, 2013 WL 1213129, at *9 (N.D.N.Y. Mar. 22, 2013); *see Tryon v. Astrue*, No. 5:10-CV-537, 2012 WL 398952, at *3 (N.D.N.Y. Feb. 7, 2012) (holding that the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment is not, itself, sufficient to deem a condition severe" (internal quotation marks and citations omitted)).

Aside from Dr. Shah's opinion and Dr. Patel's treatment notes, the record is devoid of any evidence indicating that Houle-Call's asthma diminished her capacity to work. Indeed, Houle-Call did not mention asthma after the ALJ asked her to identify her medical problems that limit her, (*id.* at 40-44); in fact, Houle-Call did not mention her asthma once during her hearing before the ALJ, (*id.* 34-50). Further, in Houle-Call's disability report, which was filled out on her behalf, asthma is not mentioned as a reason why she cannot work. (*Id.* at 126.) Also in the

7

disability report, Houle-Call stated that she stopped working as a house cleaner as a result of "[her] condition," which she listed as "cross-addicted, bi-polar, overweight," and did not list treatment for asthma as something that might limit her ability to work. (*Id.* at 126, 129-32.) Moreover, and significantly, Houle-Call's own treating physician, Dr. Patel, did not state that she should be limited by any environmental restrictions in his medical source statement. (*Id.* at 349, 353-54.) Dr. Patel was of the opinion that Houle-Call could continuously be exposed to, among other things, dust, odors, fumes, pulmonary irritants, and other irritants. (*Id.* at 353.)[5] The absence of any additional evidence indicating that Houle-Call was limited by asthma during the relevant period supports the ALJ's RFC determination. *See Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983) ("The [Commissioner] is entitled to rely not only on what the record says, but also on what it does not say." (citations omitted)).

It was Houle-Call's burden to demonstrate that her RFC precluded any substantial gainful activity during the period at issue. *See* 42 U.S.C.

---

[5] The ALJ's RFC assessment is also supported by the nonmedical evidence in the record of Houle-Call's activities during the relevant period. *See* 20 C.F.R. § 404.1529, SSR 96-7p, 61 Fed. Reg. 34,483, 34,483 (July 2, 1996). Houle-Call indicated that she was capable of cooking, cleaning, shopping, and taking care of her personal and her children's needs without interference from asthma. (Tr. at 310, 321.)

§ 423(d)(5)(A); 20 C.F.R. § 404.1512(c); 20 C.F.R. § 404.1545(a)(3). Houle-Call has not pointed to evidence that the ALJ overlooked. Accordingly, the ALJ's RFC determination is supported by substantial evidence.

B. <u>**Past Relevant Work**</u>

Finally, Houle-Call contends that the ALJ erred in finding that she could perform past relevant work as a house cleaner. (Dkt No. 11 at 4.) The Commissioner counters, and the court agrees, that the ALJ correctly determined that Houle-Call could return to her past relevant work. (Dkt No. 12 at 8-9.)

"[T]he claimant has the burden to show an inability to return to her previous specific job *and* an inability to perform her past relevant work generally." *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003). Claimants are not disabled when they can perform past relevant work, either as they actually performed it, or as it is generally performed in the national economy. *See* SSR 82-61, 1982 WL 31387, at *2 (1982); *Jock v. Harris*, 651 F.2d 133, 135 (2d Cir. 1981). In making this determination, "[a]n ALJ may rely on the claimant's statements, which 'are generally sufficient for determining the skill level; exertional demands and

9

nonexertional demands of such work.'" *Kochanek v. Astrue*, No. 08-CV-310, 2010 WL 1705290, at *11 (N.D.N.Y. Apr. 13, 2010) (quoting SSR 82-62, 1982 WL 31386, at *3).

Here, Houle-Call again has not established that she cannot return to her previous specific job or an inability to perform her past relevant work generally. First, and significantly, Houle-Call's treating physician, Dr. Patel, found that she could be continuously exposed to smoke, dust, and known respiratory irritants. (Tr. at 353). Second, the record indicates that Houle-Call had asthma while she previously worked, for nearly a decade, as a house cleaner, but that she stopped working not because of her asthma, but because of her addictions, bi-polar disorder, and obesity. (Tr. at 126-27, 308.) Both of these factors belie Houle-Call's current contention that the ALJ erred by concluding that she can perform past relevant work as a house cleaner. *See* 20 C.F.R. § 404.1527(b) ("Generally, we give more weight to opinions from . . . treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s)."); *cf. Johnson v. Barnhart*, 269 F. Supp. 2d 82, 89 (E.D.N.Y. 2003) (holding that ALJ's determination that the plaintiff could return to past relevant work was not

10

supported by substantial evidence where the ALJ "failed to take into account that plaintiff [who had a seizure disorder] . . . was twice fired from bookkeeping and accounting positions *because of her seizure disorder*" (emphasis added)). Accordingly, the ALJ's determination that Houle-Call could return to her past relevant work as a house cleaner is supported by substantial evidence.

## VII. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Houle-Call's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 26, 2013
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court